EUGENE E. BALDWIN v. SOLOMAN DREYFUS ET AL.

[45 South., 428.]

EXECUTION SALES    *Irregularities.    Innocent purchasers.    Constitution 1890, sec.* 111.    *Description of city lots.*

A sale of lands under an *alias* execution is not rendered invalid as against innocent purchasers:

(a) Because the writ under which it was made was an *alias* execution and not an *alias venditioni exponas*, a previous execution on the same judgment having been levied upon the land and returned for want of time in which to sell under it, and a *venditioni exponas* thereafter issued but not executed; or

(b) Because the seal of the court impressed on the writ had in its margin the words "Circuit Court of Hinds County, Mississippi" and not "Circuit Court of, first district, Hinds County, Mississippi;" or

(c) Because made by an incoming sheriff on the first day of his term of office in pursuance of a levy and advertisement made by his predecessor; or

(d) Because the return did not by direct terms show that the purchaser was the highest and best bidder, or the hour at which the sale was made; or

(e) Because the return failed to show that five city lots, two of them being separated from the other three, were offered for sale as a whole after having been offered separately, under provisions of Constitution 1890, sec. 111, providing that lands constituting a single tract should when sold under execution be offered in lots not exceeding one hundred and sixty acres and afterwards as a whole, the bid for the latter to control only where it exceeds the aggregate of the separate bids; or

(f) Because of insufficiency of the description of the land sold in this case, the descrition being "Lots 53, 56, 80, 81 and 82, all in Compromise Survey of Cohea Estate, Jackson," followed by the township and range, but not by the county or state, where located.

FROM the chancery court of, first district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

Baldwin, appellant, was complainant in the court below; Dreyfus, and others, appellees, were defendants there. From a decree sustaining a demurrer of appellees, Dreyfus and Ewing, to the bill of complaint and dismissing the suit as to them complainant appealed to the supreme court.

The complainant's bill, filed in May, 1906, charged that in July, 1893, one Robinson recovered a judgment in the circuit court of, first district, Hinds county, for $957 against complainant and in August, 1893, the judgment being unpaid, a writ of execution was issued thereon, which, by order of attorneys for the judgment creditor, was returned in January, 1894, unexecuted; that in April, 1894, an *alias* writ of execution was issued and a levy made thereunder upon certain real estate in the first district of Hinds county owned by complainant, but no sale was made by the sheriff for the reason, endorsed on the writ, that he had not sufficient time to advertise and sell the land before the next ensuing term of court; that there was no discharge nor dismissal of the writ and levy; that later the clerk of the circuit court issued a writ of *venditioni exponas* directing the lands levied on to be sold for satisfaction of the judgment, but that, by order of counsel for the judgment creditor, no sale was made; that subsequently and some time prior to December 1895, complainant became paralyzed and mentally incapable of attending to his business affairs, and while in such condition, the levy aforesaid being in full force, an *alias* execution was issued from the office of the clerk of the circuit court aforesaid, in December, 1894, on the judgment, under which, after statutory advertisement, the lands were sold on January 6, 1895, and a certain part thereof, consisting of several lots in one of the surveys in the city of Jackson, bought in by defendant Bullard, who afterwards conveyed the same by deed to Dreyfus, who in turn conveyed a part thereof to Ewing; that the execution sale was invalid as to all of the defendants, be-

cause: (1) the writ of execution, under which the sale was made, was not issued under the *seal* of the circuit court of, first district, Hinds county; (2) there had been a former execution under which the levy had been made on Baldwin's lands sufficient to satisfy the judgment, and the levy thereunder had never been dismissed or discharged, and a sale could have been made only under a *venditioni exponas* predicated of the levy of the first execution and a sale could not be made under a subsequent writ of execution; (3) the levy was void because of uncertainty in description of the lands therein, inasmuch as the description merely read, "lots 53, 56, 80, 81, 82 all in Compromise Survey, Jackson," followed by a statement of the section, township and range, but not of county or state, wherein the same are located; (4) the lands were advertised by a sheriff of Hinds county, but his term ending before the date of sale, the lands were sold by the incoming sheriff, his successor, and there was no title conveyed; (5) the lots, while offered for sale separately, were not afterwards offered as a whole: and (6) the return endorsed on the writ by the sheriff failed to show that Bullard's bid was the highest. The prayer of the bill was for the cancellation of the conveyances mentioned and for accounting for rents due to complainant.

The defendants each separately demurred to the bill because it failed to show that the title of defendants was invalid; that the sale by the sheriff conferred a legal title; and the bill showed that complainant was barred from recovery by the ten years' statute of limitation.

*Wells & Wells,* for appellant.

Code 1892, § 925 (Code 1906, § 1001) prescribes that the clerk of the circuit court shall keep a seal, with the style of the court around the margin and the image of an eagle in the center. And Code 1892, § 3413 (Code 1906, § 3912) prescribes that all process shall be signed and issued by the clerk of the court and that the seal of his office shall be thereto at-

tached. It is true that the clerk of the court used, and affixed to the process issued in this matter, a seal, but it did not comply with the strict requirement of the statutes above cited, for the seal had around its margin only these words: "Circuit Court of Hinds County, Mississippi" when, in fact there is no circuit court of Hinds county, since the division of Hinds county into two different judicial districts, such division having been made anterior to the institution of this suit. The design upon the seal should have been "Circuit Court of the First District of Hinds County." For our two courts, held in Hinds county, are regularly entitled "Circuit Court of the First District of Hinds County" and "Circuit Court of the Second District of Hinds County" respectively.

A sale of land under an execution, without the seal of court affixed to the writ, is void, and may be successfully resisted whenever and wherever the question may arise. *Weaver* v. *Beasley,* 163 Ill., 251, 64 Ill. App., 80; *Gordon* v. *Badwell,* 59 Kas., 51; *Davis* v. *Ransom,* 26 Ill., 100; *Insurance Co.* v. *Hallock,* 6 Wall. (U. S.), 558.

Process without the seal of the court is bad. *Phares* v. *Connor,* 3 Smed. & M., 87; *Dogan* v. *Brown,* 44 Miss., 235.

The record shows that an execution writ was issued in April 1894, and was levied upon a large amount of appellant's real estate, and that no action was taken under this; and that subsequently, and while the aforesaid levy was undischarged, a *vendi exponas* was issued ordering a sale of the land which had been levied upon, but no action had been taken further thereunder; and that later an *alias fieri facias,* instead of an *alias vendi exponas,* was issued and the lands sold. Certainly this latter writ of execution was unauthorized in law under the circumstances. It must be kept in mind that Baldwin had become mentally incompetent before the issuance of this *alias fieri facias* under which the land was sold.

Furthermore, the levy was void because of uncertainty in the description of the lands as set forth in the writ. *Bird* v.

*Burgsteimer,* 100 Ga., 492; *Whalley* v. *Newsom,* 10 Ga., 74; *Brown* v. *Houghon,* 70 Ga., 756; *Bronson* v. *Lasiere,* 81 Ga., 406; *Humpech* v. *Drake,* 44 S. W., 632; *Henry* v. *Mitchell,* 37 Mich., 515; *Hamblin* v. *Hamblin,* 33 Miss., 455; *McQueen* v. *Bush,* 76 Miss., 288, 20 South., 196; *Chase* v. *Williams,* 71 Me., 190.

The sale is void because made by the incoming sheriff on the day he came into office and after the outgoing sheriff had levied the execution and advertised the property for sale. Both men were occupants of the office of sheriff on the same day. The statute law requires the incoming sheriff to receive unexecuted writs from the outgoing sheriff. Code 1892, § 4124. The process shows that Ratliff, the incoming sheriff, did not receipt for it on the process. He therefore had no authority to sell, inasmuch as the process was not legally in his hands for execution. Harding, the outgoing sheriff, had partially executed the process by levying upon and advertising the sale of the land, and on the day of the advertised sale he was still sheriff. We contend that Harding alone could make the sale. The court will observe that the statute law does not provide for the outgoing sheriff to turn over partially executed writs to the incoming sheriff, but only those entirely unexecuted. So there was no authority given to the sheriff, Harding, who had levied the execution, and advertised the sale and who continued to act as sheriff until the very day of sale, to then turn the matter, thus partially executed, over to Ratliff, the incoming sheriff. *Vrooman* v. *Thompson,* 51 Mich., 452; *Colger* v. *Higgins,* 85 Am. Dec., 601; *Bilby* v. *Hartman,* 29 Mo. App., 125; *Blair* v. *Compton,* 33 Mich., 424; *Turkey* v. *Smith,* 36 Am. Dec., 704.

The sale is void for the further reason that the land was described by lots, and these lots while offered for sale separately were not then offered for sale as a whole. Constitution, 1890, sec. 111; Code 1892, § 3491. It will be noted that the lots were adjoining, and thus comprised one tract. *Shannon* v. *Summers,*

86 Miss., 628, 38 South., 455; *Bradley* v. *Villere,* 66 Miss., 399, 6 South., 208.

The return of sale endorsed by the sheriff upon the writ failed to show that the bid of Bullard, purchaser, was the last and highest; nor did it show that the sale was made within legal hours.

The sale was at an entirely inadequate price, and at the time of sale Baldwin was mentally incapacitated to protect himself. It will be noted that the bill offers to do equity as to return of amount of bid with interest.

*Watkins & Watkins,* for appellees.

It is claimed by counsel for appellant that the execution which was levied upon the land in controversy and under which it was sold, was not legally issued for the reason that the proper remedy would have been to obtain another *vendi exponas.* This is an incorrect construction of the law. It is evident that the plaintiff's attorney treated the *vendi exponas* as having been abandoned and that the parties considered the land as practically freed from the levy thereunder. Hence it was advisable later to treat the writ of *vendi exponas* already issued as having been exhausted, and to obtain a new writ. There was no error in this procedure which was dictated by extreme caution. *Gary* v. *Hines,* 8 Ala., 837.

As to opposing counsel's contention that the execution writ in question was invalid because it did not have a proper seal affixed to it, we merely reiterate, what counsel for appellant themselves aver in their brief, that the seal of the circuit court of Hinds County was by the clerk affixed; for it will be observed that the clerk of the circuit court of Hinds county is clerk of the court of both the first and second judicial districts of the county. No requirement of law exists that this one clerk shall have two separate seals. Moreover Code 1892, § 3439 (Code 1906, § 3938) states that "if any matter required to be inserted in or

endorsed upon any process be omitted, such process shall not on that account be void, but it may be set aside as irregular, or amended on such terms as the court shall deem proper; and the amendment may be made upon an application to set aside or quash the writ." In other words, the failure of the writ to have any seal at all would be a mere irregularity amendable whenever the objection on such account should be made to the writ.

There is nothing in the contention that the levy was void, because of uncertainty in the description of the land. The description contained no ambiguity. No one could be misled as to what land was intended. The description, if in a simple deed of conveyance, would have been amply sufficient to pass proper title. The "Compromise Survey" in the city of Jackson was at the time shown by the county records to be in a certain part of a designated section, township and range. The city of Jackson must be judicially known to be in Hinds county, and Hinds county must be judicially known to be in Mississippi. It is unnecessary that the county be stated in return of description. *Wright* v. *Watson,* 11 Humph. (Tenn.), 529; *Gibbs* v. *Thompson,* 26 Tenn., 179. We are aware that this court has held, in *Jones* v. *Rogers,* 85 Miss., 802, 38 South., 742, that in a United States' marshal's sale it was necessary that the county should be stated in description. This however was because the marshal had the legal right to sell land in several different counties. But even then, if the description of land under consideration in the case cited had been sufficiently designated by metes and bounds or government survey references to prevent ambiguity, there would have been no legal objection to the description even though the marshal should have failed to designate the county. See *Ladnier* v. *Ladnier,* 75 Miss., 781, 23 South.; 430; *Peacher* v. *Strauss,* 47 Miss., 353.

As to the contention that the sale was void because the lots were not subsequently offered for sale, after they had been separately bid in, we challenge the construction of law as set up by

opposing counsel. Sec. 111 of the constitution does not apply to a sale of separate lots such as in this case. There is authority to the effect that if lots which do not join each other are sold *en masse,* upon timely application the sale may be set aside, but there is absolutely no authority for the proposition that separate sales of different lots can be in any way invalidated solely because the officer making the sale does not afterwards offer all of such lots, as a whole, for sale. The appellant's bill does not allege that the price realized would have been more had such method been pursued.

As to the contention by opposing counsel that there is no showing that the property was sold to Bullard "as last and highest bidder," we merely say that there is no allegation in appellant's bill that the sheriff did not fully comply with the law in this respect, and no allegation that Bullard was not the last and highest bidder. An officer is presumed to comply with the law. *Housen* v. *Cornish,* 59 Miss., 372; *Duke* v. *Clark,* 58 Miss., 465; *Hiller* v. *Lampton,* 54 Miss., 14; *McWilliams* v. *Norfleet,* 60 Miss., 987; *Day* v. *Smith,* 87 Miss., 395, 39 South., 526.

An examination of the statute law will easily dispose of the contention by appellant that the outgoing and not the incoming sheriff should have made the sale. The office of the sheriff is never vacant, and our law deals with the office and not with the individual who fills it. Prior to the adoption of Code 1880, § 336 (Code 1892, § 4124) the matter might have been in doubt. But no confusion can arise since the adoption of the Code sections just cited. As to the common law rule, see 17 Cyc., 1234; *Clark* v. *Sawyer,* 48 Cal., 133; *Leshy* v. *Gardner,* 38 Am. Dec., 764.

There is nothing in appellant's vague and general statement that the land brought an inadequate price, such as can affect the equities of the appellees, who hold as innocent third parties.

*Alexander & Alexander* and *George B. Power,* on the same side.

There are no such irregularities shown in connection with the sale as would make the sale void as to innocent third parties or remote vendees. The averments of the appellant's bill are too vague and general throughout.

The case made by the bill is not one where the defense of *bona fide* purchaser is affirmative in its nature. The charge is that "all of the defendants to this suit have either actual or constructive notice of all of the defects in the proceedings which undertook to divest complainant's title in said land out of him and to invest it in the purchaser at said sale." It will be seen that the complainant, who is the appellant here, is not in position to invoke the rule, even if it applied, that the defense is affirmative, since he has assumed to charge the extent and kind of notice which the defendants had. The charge is not that they *had* either actual or constructive notice at the time they purchased the land, or at the time their vendors purchased the land from the successful bidder at the sale. The charge is only that the defendants, appellees here, *now* (i. e., at the time of the recent institution of this suit) have notice of such alleged defects.

MAYES, J., delivered the opinion of the court.

The sheriff's sale of this property conveyed a perfectly good title to the purchaser who bought in good faith. There are no such irregularities as would invalidate and render void the sale of the lands in the hands of an innocent purchaser or remote vendee of same.

The decree of the chancellor sustaining the demurrer and dismissing the bill as to Solomon Dreyfus and John Ewing, and the decree overruling the demurrer of Bullard, is affirmed. Since the record shows that Bullard has parted with his title to this property by a sale to Solomon Dreyfus, we can hardly see what purpose can be accomplished by requiring Bullard to answer; but since this was the decree of the court below, and no

cross appeal is prosecuted, we affirm the decree in all respects and remand the case, with leave to answer within sixty days from the date mandate is filed.

*Affirmed and remanded.*